ALD-111                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3182
_____

MATTHEW JONES,
                                          Appellant

v.

FARMINGTON DE VOLUNTEER FIRE DEPT; MOBILE CRISIS INTERVENTION;
DELAWARE STATE POLICE TROOP 5; GREENWOOD FIRE COMPANY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:25-cv-01304)
District Judge: Honorable Jennifer L. Hall
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2026
Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: April 23, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Matthew Jones, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his civil action sua sponte without leave to amend. Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Jones sued the Farmington Volunteer Fire Department and others, alleging that the defendants bludgeoned and "ruthlessly executed" him in his own backyard because of his skin color and also because he was the first Cub Scout to start a fire on his own and believed in one-on-one fighting. The District Court, screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed it as frivolous and determined that amendment would be futile. Jones appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the District Court's judgment if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Given the factual assertions, we agree with the District Court's determination that Jones's action was frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). Moreover, we agree with the District Court's determination that it would have been futile to allow amendment of the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will summarily affirm the District Court's judgment.